UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

MISAEL ORTEGA CASANOVA,    CASE NO.: 8:25-CV-952

   Plaintiff,

vs.

CANO HEALTH, LLC,

   Defendant.
_____/

## COMPLAINT FOR OVERTIME WAGE VIOLATION(S)

Plaintiff, Misael Ortega Casanova, sues Defendant, Cano Health, LLC, for violating the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, as follows:

1. **Plaintiff, Misael Ortega Casanova**, is over 18 years old and has been a *sui juris* resident of Hillsborough, Florida, at all times material.

2. Plaintiff consents to participate in this lawsuit.

3. Plaintiff was an hourly "employee" of Defendant, as the term is defined by 29 U.S.C. §203(e).

4. Plaintiff was a non-exempt employee of Defendant.

5. Plaintiff worked as a driver for the Defendant since October 2022.

6. **Defendant, Cano Health, LLC,** is a *sui juris* for-profit Florida limited

liability company that conducted its for-profit healthcare business in Hillsborough County, Florida, at all times material, where it maintains its principal place of business.

7. Defendant was Plaintiff's employer, for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making its business an enterprise covered by the Fair Labor Standards Act.

9. Defendant was at all times material engaged in interstate commerce in the course of its provision of healthcare-related services which, traditionally, cannot be performed without using computers, monitors, computer networking equipment, phones, syringes, medical equipment, ointments, anesthetics, and medical supplies that moved through interstate commerce.

10. Defendant engaged in interstate commerce in its regular and recurrent submission of billings to and receipt of payment from out-of-state medical payors and by having offices in multiple states.

11. Defendant purchased and/or leased vehicles that traveled in interstate commerce before arriving in Florida to transport its patients to/from their medical appointments in Florida.

12. Furthermore, Defendant obtained, solicited, exchanged, and sent funds to and received funds from outside of the State of Florida, regularly and recurrently used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

13. Defendant's annual gross revenues from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

14. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*

15. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacted business in this District, because it maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in Hillsborough County, and because most if not all of the operational decisions were made in this District.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

16. Plaintiff regularly and routinely utilized vehicles, cellular telephones, fuel, and other goods and supplies that moved through interstate commerce in his work for Defendant.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendant.

18. Defendant agreed to pay Plaintiff $14 per hour.

19. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendant during the time relevant to this lawsuit (which would exclude any time period during which Defendant was a debtor in bankruptcy and not subject to suit).

20. After November 16, 2023, Defendant manipulated Plaintiff's time records to reduce the documented time he worked to reflect that he did not work more than 40 hours a week.

21. Defendant failed and refused to pay Plaintiff overtime wages calculated at one and a half times his regular hourly rate for all hours worked beyond 40 as set forth above.

22. Defendant willfully and intentionally refused to pay Plaintiff overtime wages during the relevant time.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884　FAX 305.230.4844
www.fairlawattorney.com

23. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay an overtime rate, and/or it concocted a scheme pursuant to which it deprived Plaintiff the overtime pay earned.

24. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

26. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Misael Ortega Casanova, demands the entry of a judgment in her favor and against Defendant, Cano Health, LLC, after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    b.    That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Misael Ortega Casanova, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of April 2025,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel:   305.230.4884
        *Counsel for Plaintiff*