UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:25-cv-00952-KKM-LSG

MISAEL ORTEGA CASANOVA,

    Plaintiff,

v.

CANO HEALTH, LLC,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Cano Health, LLC ("Cano Health") files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Misael Ortega Casanova ("Plaintiff"). All allegations in the Complaint which are not specifically admitted herein are denied.

## ANSWER

1. Cano Health does not dispute that Plaintiff is over the age of 18 years old and a resident of Hillsborough, Florida.

2. Cano Health is without knowledge; therefore, denied.

3. Cano Health admits that Plaintiff was an employee paid by the hour, but denies liability under the FLSA, denies that Plaintiff is entitled to any remedies whatsoever, and denies any remaining allegations in paragraph 3 of the Complaint.

4. Upon information and belief, Plaintiff may qualify as exempt from overtime; therefore, denied.

5. Admitted.

6. Cano Health admits that venue is proper in this Court, but denies any liability to Plaintiff and denies that Plaintiff is entitled to any remedies whatsoever.

7. Cano Health admits that it employed Plaintiff, but denies liability under the FLSA, denies that Plaintiff is entitled to any remedies whatsoever, and denies any remaining allegations in paragraph 7 of the Complaint.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Cano Health admits that this Court has jurisdiction but denies liability to Plaintiff and denies that Plaintiff is entitled to any remedies whatsoever.

15. Cano Health admits that venue is proper but denies liability to Plaintiff and denies that Plaintiff is entitled to any remedies whatsoever.

16. Admitted.

17. Upon information and belief, admitted.

18. Admitted that Plaintiff's regular hourly rate was $14 per hour starting in or around April 2023; otherwise, denied.

19. Cano Health admits that Plaintiff worked over 40 hours in one or more workweeks during the time relevant to this lawsuit; however, denies that Plaintiff was not properly compensated for such hours and further denies liability to Plaintiff for any workweeks.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Cano Health is without knowledge as to the allegations in paragraph 24 of the Complaint and therefore denies same.

25. Cano Health is without knowledge as to the allegations in paragraph 25 of the Complaint and therefore denies same.

26. Denied.

Cano Health further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 26 of the Complaint.

## GENERAL DENIAL

Cano Health denies each and every allegation not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207 and 213, including but not limited to the motor carrier exemption.

3. Every portion of Plaintiff's claims arising more than two years prior to the date upon which his Complaint was filed is barred by the limitations period contained in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

4. Plaintiff's claims for liquidated damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of, which acts are specifically denied by Cano Health, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

5. Plaintiff is not entitled to any relief because the acts or omissions complained of, which acts are specifically denied by Cano Health, were in good faith conformity with and in reliance upon a written administrative regulation, order, field assistance bulletin, ruling, approval, or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or an administrative practice or enforcement policy of such agency with respect to the class of employees to which Plaintiff belonged.

6. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis non curet lex.

8. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct resulted in him not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

9. Plaintiff's claims against Cano Health are frivolous both in factual foundation and legal substance, and Cano Health is entitled to an award of its costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.

10. Plaintiff's claims are barred to the extent that he worked hours in excess of 40 per workweek that were against policy or concealed from Cano Health and not condoned or ratified by Cano Health.

11. Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust any conditions precedent to this action or assert claims, if required to do so, in any other applicable proceeding.

Date: May 9, 2025                                    Respectfully submitted,

                                        By:   */s/ Megan L. Janes*
                                              Megan L. Janes
                                              Fla. Bar No. 99009
                                              mjanes@fisherphillips.com
                                              FISHER & PHILLIPS LLP
                                              201 East Las Olas Boulevard, Suite 1700
                                              Fort Lauderdale, FL 33301
                                              Telephone (954) 525-4800
                                              *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 9, 2025**, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

                                              */s/ Megan L. Janes*
                                              Megan L. Janes
                                              Fla. Bar No. 99009
                                              mjanes@fisherphillips.com
                                              FISHER & PHILLIPS LLP
                                              201 East Las Olas Boulevard
                                              Suite 1700
                                              Fort Lauderdale, FL 33301
                                              Telephone (954) 525-4800
                                              *Counsel for Defendant*

## SERVICE LIST

**United States District Court – Middle District of Florida**
**Misael Ortega Casanova v. Cano Health, LLC**
**Case No.: 8:25-cv-00952**

| | |
|---|---|
| Brian H. Pollock<br>brian@fairlawattorney.com<br>FAIRLAW FIRM<br>125 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33146<br>Telephone (305) 230-4884<br><br>*Attorney for Plaintiff* | Megan L. Janes<br>mjanes@fisherphillips.com<br>FISHER & PHILLIPS, LLP<br>201 East Las Olas Boulevard<br>Suite 1700<br>Fort Lauderdale, Florida 33301<br>Telephone (954) 525-4800<br><br>*Counsel for Defendant* |