UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.: 8:25-cv-00952-KKM-LSG

MISAEL ORTEGA CASANOVA,

    Plaintiff,

v.

CANO HEALTH, LLC,

    Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AND
<u>JOINT STIPULATION OF DISMISSAL WITH PREJUDICE</u>**

Plaintiff MISAEL ORTEGA CASANOVA and Defendant CANO HEALTH, LLC, in connection with the parties' settlement in this case, hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice conditioned on the Court's retention of jurisdiction to enforce the terms of the settlement, and in support the parties state as follows:

    1.    This is an action filed under The Fair Labor Standards Act ("FLSA") in which Plaintiff sought recovery for overtime allegedly due and owing to him. Defendant denies Plaintiff's allegations and disputes the validity of his claims. After

the voluntary exchange of information the parties have reached a resolution of this matter and the other claim(s) the Plaintiff threatened to bring as related to how he contends he was treated during and in concluding his employment with the Defendant.

2.   Plaintiff alleged in his Complaint that his time records were altered and he was not properly paid overtime at the rate of time and one half for all overtime that was worked [DE 1.]

3.   Defendant denied that Plaintiff was entitled to any overtime that was not already paid in its Answer and asserted Affirmative Defenses to his claims [DE 8].

4.   While Plaintiff claims that he worked overtime for which he was not paid by claiming that his supervisor removed overtime hours before they were submitted for payment by the Defendant, the Defendant maintains that the time records it maintained (and shared with the Plaintiff after the filing of the Complaint) are correct, were not altered, and that it is not liable to the Plaintiff for any alleged overtime wage damages.

5.   The Parties were, nonetheless, able to resolve the matter after considering the amount claimed by the Plaintiff, the cost to each party of litigating

this matter, and the potential result of this litigation. They also agreed to resolve the other claim(s) that the Plaintiff threatened to bring to forever resolve the Plaintiff's FLSA overtime claim (and other potential claims) against the Defendant.

6. As a part of the settlement, Plaintiff is receiving significant value for his overtime claim, even though it was hotly disputed. The parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in the parties agreeing upon the resolution memorialized in their Settlement Agreement, a copy of which is attached as Exhibit 1. The Agreement contains a negotiated general release, accompanied by separate consideration, arrived at because during settlement negotiations, counsel for the Plaintiff alluded to a potential claim for wrongful (constructive) discharge relating to the circumstances allegedly resulting in Plaintiff's resignation from Cano Health (but which were unrelated to Plaintiff's FLSA claim).

7. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

3

>"[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

8. Pursuant to *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

>(1) the existence of fraud or collusion behind the settlement:
>(2) the complexity, expense, and likely duration of the litigation;
>(3) the stage of the proceedings and the amount of discovery completed;
>(4) the probability of plaintiff's success on the merits:
>(5) the range of possible recovery; and

4

   (6) the opinions of the counsel.

*See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Monterroso Romero v. AGent Au Pair, Inc.*, No. 6:24-cv-1749, 2025 WL 1490359, at *2 (M.D. Fla. May 2, 2025).

  8. The Settlement Agreement also includes an amount for Plaintiff's reasonable attorneys' fees. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). Plaintiff's counsel's work on this case includes investigation of Plaintiff's claims, preparing Plaintiff's Complaint, analyzing the time and records, and addressing the legal and factual issues with the Plaintiff and defense counsel. The parties agreed for Plaintiff's counsel to receive $5,000.00 as a compromise in the attorneys' fees and costs incurred in connection with the Plaintiff's FLSA claim.

  9. At all times material hereto, Plaintiff and Defendant have been represented by counsel very experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement was the subject of arms-

length negotiations, including the separate negotiation of fees and costs from the overtime portion of the settlement and separate consideration for the general release. The parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements on *Lynn's Food*, as all of the relevant criteria support approval of the ultimate settlement in this matter. *Williams v. Stidham Media Group Holdings, LLC*, No. 6:23-cv-2340, 2025 WL 1282608, at *4 (M.D. Fla. Apr. 14, 2025) (approving FLSA settlement with separate reasonable consideration for settlement of non-FLSA claims).

      10.    Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendant with respect to the settlement ultimately agreed upon. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair and was separately negotiated. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, as well as the separate amount to be paid to his counsel, the parties believe it is

transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

11. Based upon the foregoing, the parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

WHEREFORE, all parties respectfully request the Court issue an Order: (1) approving the parties' settlement; and (2) dismissing this action with prejudice conditioned on the Court's retention of jurisdiction to enforce the terms of the settlement.

Dated: July 15, 2025                                                                 Respectfully submitted,

| By:   */s/ Brian H. Pollock*   | By:   */s/ Megan L. Janes*   |
|---|---|
| Brian H. Pollock | Megan L. Janes |
| brian@fairlawattorney.com | Fla. Bar No. 99009 |
| FAIRLAW FIRM | mjanes@fisherphillips.com |
| 125 San Lorenzo Avenue | FISHER & PHILLIPS LLP |
| Suite 770 | 201 East Las Olas Boulevard |
| Coral Gables, FL 33146 | Suite 1700 |
| Telephone (305) 230-4884 | Fort Lauderdale, FL 33301 |
|  | Telephone (954) 525-4800 |

| | |
|---|---|
| *Attorney for Plaintiff* | |
| | *Attorneys for Defendant* |

8