# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between (a) MISAEL ORTEGA CASANOVA, individually, together with his heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Ortega") and (b) CANO HEALTH, LLC, together with its predecessors, successors, affiliates (including all Cano Health entities), subsidiaries, parent companies, partners, shareholders, current and past employees, servants, insurers, agents, business partners, legal representatives and any other person or entity who Ortega may allege jointly employed him at any time (hereafter collectively referred to as "Cano Health").

1. **Purpose:** The purpose of this Agreement is to conclusively resolve and settle **all** claims that Ortega may have against Cano Health, including, but not limited to, any claims for relief that were made or could have been made by Ortega in the matter of *Misael Ortega Casanova v. Cano Health, LLC,* in the United States District Court, Middle District of Florida, Case No. 8:25-cv-00952-KKM-LSG (the "Lawsuit"). It is a further and equal purpose of this Agreement to resolve **any and all** disputes, controversies, or claims, that Ortega may have against Cano Health that arise out of facts or circumstances occurring in whole or in part on or before the effective date of this Agreement, whether facts regarding any such claims are presently known or unknown, and regardless of whether same may be claimed to exist under current or future laws or interpretation of law. Nothing in this Agreement is intended to prevent Ortega from exercising any rights Ortega may have under Section 7 of the National Labor Relations Act, including the right to participate in or assist with a case before the National Labor Relations Board and communicate with coworkers or third parties about terms and conditions of employment or labor disputes, when the communication is not so disloyal, reckless, or maliciously untrue as to lose the protection of the law.

2. **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Ortega has not relied on any representation, compromise, conduct or action made by or on behalf of Cano Health or its attorneys. Ortega acknowledges that he has obtained the advice of competent counsel and agrees that he has been given a reasonable period of time within which to consider this Agreement. Ortega and Cano Health confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3.   **No Admission of Liability:**  The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Cano Health expressly denies any such liability.  This Agreement represents the compromise of disputed and contingent claims.

4.   **Consideration:**  The consideration given by Cano Health to Ortega under this Agreement consists of payment to Ortega by Cano Health of Eleven Thousand Five Hundred Dollars and Zero Cents ($11,500.00) to be paid and distributed as follows:

(a)   One Thousand Four Hundred Dollars and Zero Cents ($1,400.00), minus all applicable withholdings, payable to Misael Ortega Casanova in settlement of his claims for unpaid overtime;

(b)   One Thousand Four Hundred Dollars and Zero Cents ($1,400.00), payable to Misael Ortega Casanova in settlement of his claims for liquidated damages;

(c)   Two Thousand Dollars and Zero Cents ($2,000.00), payable to Misael Ortega Casanova as consideration for the general release;

(d)   Five Thousand Dollars and Zero Cents ($5,000.00), payable to the FairLaw Firm for attorneys' fees and costs related to Ortega's FLSA claims.

(e)   One Thousand Seven Hundred Dollars and Zero Cents ($1,700.00), payable to the FairLaw Firm. for attorneys' fees and costs related to the allegations supporting the general release.

The above-referenced payments shall be delivered to the FairLaw Firm, within ten (10) business days of the date this Agreement is (i) executed by all parties, (ii) the revocation period expires without this Agreement being revoked; (iii) an Order approving this settlement and dismissing the Lawsuit with prejudice is entered by the Court, and (iv) the appropriate tax designation (W-9s for Ortega and the FairLaw Firm  and W-4 for Ortega) are provided to Cano Health's counsel.  The consideration given by Ortega to Cano Health in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

5.   **Releases:**

*Limited Release of Cano Health:*  For and in consideration of the required acts and promises set forth in the text of this Agreement, Ortega hereby knowingly and voluntarily releases and discharges Cano Health from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, that he asserted in the Lawsuit or could have asserted in the lawsuit associated with the payment of his wages, or constituting any form of wage claims, pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, Fla. Stat. § 448.110, the Florida Constitution, Florida common law, and any county or city ordinance, and to include any claims for liquidated damages, for attorneys' fees, costs and expenses, or any other remedies or relief of any kind arising from

**SETTLEMENT AGREEMENT AND RELEASE**
PAGE 2

*MOC*
Moc
**Ortega's Initials**

FP 55372321.1
FP 55372321.3

any of the foregoing, which Ortega has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement.

*General Release of Cano Health:* For and in consideration of the required acts and promises set forth in the text of this Agreement, Ortega hereby knowingly and voluntarily releases and discharges Cano Health, as defined above, from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, including those which Ortega has or might have as a result of, or in any way connected with his employment or separation of employment with Cano Health, including but not limited to claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Genetic Information Nondiscrimination Act, the Labor Management Relations Act, 29 U.S.C. § 141, et seq.; the False Claims Act, 31 U.S.C. §§ 3729-3733 (including the qui tam provisions); the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.; the Consumer Credit Protection Act, 15 U.S.C. § 1674, et seq.; the Sarbanes-Oxley Act, 15 U.S.C. § 7201, et seq.; the Dodd-Frank Act; the Employee Polygraph Protection Act, 29 U.S.C. § 2001, et seq, the Families First Coronavirus Response Act, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, the Florida Minimum Wage Act, and all other local, state or federal laws including but not limited to these relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims Ortega could have asserted related to this Lawsuit, any claims arising under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, tortious interference, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, defamation, slander and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, which Ortega has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement. Ortega is not waiving any claims that are not legally waivable, such as the right to seek unemployment and claims for workers' compensation injuries, although Ortega confirms that he has no active workers' compensation claim and that he did not suffer any work-related injury during his employment at Cano Health.

6. **Approval of Settlement and Dismissal of Lawsuit With Prejudice:** As a part of this settlement and concurrently with the execution of this Agreement, the Parties will cooperate to achieve approval of the settlement and dismissal with prejudice of the Lawsuit. Ortega agrees not to reargue, reinstitute, or refile any of his claims or the otherwise released claims in any court,
**SETTLEMENT AGREEMENT AND RELEASE**

PAGE 3

*MOC*
Moc

Ortega's Initials

FP 55372321.1
FP 55372321.3

arbitration or other legal forum whatsoever, nor shall any other court actions, arbitrations or other legal proceedings of any type be filed that are connected in any fashion to the employment of Ortega with Cano Health or Ortega's separation from that employment, or for any personal injuries sustained in the course of such employment, or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the effective date of this Agreement.

7. **No Other Charges:**  Ortega specifically agrees that he has no Charge pending with the Equal Employment Opportunity Commission and/or Florida Commission on Human Relations, and: (A) that any claims he has or might have pertaining to Cano Health's employment practices arising under any municipal, state, or federal law are completely settled; and (B) that if he has filed any, he will immediately file all necessary paperwork to withdraw any pending complaints, charges, claims, or causes of action that may have been filed against Cano Health with any municipal, state, or federal government agency or court.  Nothing in this Agreement is intended to, or shall, interfere with Ortega's rights under federal, state, or local civil rights or employment discrimination laws to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation, none of which shall constitute a breach of this Agreement. Ortega shall not, however, be entitled to any relief, recovery, or monies in connection with any such action or investigation brought against Cano Health, regardless of who filed or initiated any such complaint, charge, or proceeding.

8. **No Re-Employment:**  Ortega expressly waives and disclaims any right to reinstatement reengagement or reemployment with Cano Health, and agrees never to seek any kind of employment or independent contractor relationship with Cano Health at any time in the future. Ortega agrees and acknowledges that his signature on this Agreement is grounds for immediate rejection of any application for employment or independent contractor status submitted by him or his separation if he is mistakenly hired or engaged. If Cano Health obtains an ownership interest in an entity with whom Ortega is already employed or working as an independent contractor, this Agreement shall not serve as a basis to terminate his employment or end the working relationship.

9. **Acknowledgment of Receipt of All Payment Owed:**  Ortega specifically agrees and acknowledges that through this Agreement, he will have received of all salary, wages, overtime payments, liquidated damages and employee benefits to which he was and/or is entitled as a result of his employment with Cano Health.

10. **Attorneys' Fees:**  In any action brought to enforce this Agreement or any action regarding an alleged breach of this Agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and costs.

11. **No Testimony:**  Ortega agrees not to testify for, appear on behalf of, or otherwise assist in any way any individual, company, or agency in any claim against Cano Health unless pursuant to a lawful subpoena issued to him.  If such a subpoena is issued, Ortega must promptly notify Cano Health (through its attorney of record in this case, Megan Janes) and provide Cano Health with a copy of the subpoena. Nothing in this paragraph or anywhere in this Agreement is intended to prevent or interfere with Ortega's ability to enforce any Section 7 rights Ortega may have under the National Labor Relations Act or participate in NLRA Section 7 activity (including the right to

**SETTLEMENT AGREEMENT AND RELEASE**
**PAGE 4**

*MoC*
Moc
**Ortega's Initials**

FP 55372321.1
FP 55372321.3

communicate with former coworkers and/or third parties about terms and conditions of employment or labor disputes, unrelated to the amount of pay under this Agreement) or otherwise cooperating with the National Labor Relation Board's investigative process through investigation, testimony, or otherwise with an administrative agency or court.

**12.    Neutral Reference:**  Cano Health will provide neutral reference/employment verification, limited to Ortega's dates of employment and position held, to any prospective employer of Ortega, without reference to any threatened claim, claim, lawsuit, or the resolution thereof.  Any reference request must be directed to Cano Health's human resources department.

**13.    No Changes to Agreement:**    No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto and shall not be enforceable until approved by the Court.

**14.    Severability:**  If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.  In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof.  In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

**15.    Effect of Waiver:**  The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement.  No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

**16.    Governing Law:**  The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

**17.    Ownership of Claims:**  Ortega represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

**18.    Multiple Originals:**  This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and fax signature copies shall be deemed originals.

**19.    Medicare Representations:**  Ortega represents that he is not enrolled in the Medicare program and was not enrolled at the time that any of the claims released and given up arose or anytime thereafter through the date of this Agreement. Ortega represents and warrants that the information provided to Cano Health for confirmation of Ortega's Medicare status, including

**SETTLEMENT AGREEMENT AND RELEASE**
**PAGE 5**

_MoC_
Moc
**Ortega's Initials**

FP 55372321.1
FP 55372321.3

Ortega's name, gender, date of birth, and Social Security Number, is complete, accurate, and current as of the date of this Agreement.

20. **Other Claims and Liens:** Ortega represents and warrants that no Medicaid payments have been made to or on behalf of Ortega and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any claims release and given up. Ortega further agrees that he, and not Cano Health, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

21. **Indemnification:** Ortega agrees to indemnify and hold harmless Cano Health from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, or any other person or entity, arising from or related to this Agreement, any conditional payments made by Medicare, or any medical expenses or payments arising from or related to any claims released and given up that are subject to this Agreement or the release set forth herein, including but not limited to: (a) all claims and demands for reimbursement of conditional payments or for damages based upon any failure to reimburse Medicare for conditional payments; (b) all claims and demands for penalties based upon any failure to report, late reporting, or other noncompliance with or violation of Section 111 of MMSEA that is based in whole or in part upon late, inaccurate, or inadequate information provided to Cano Health by Ortega or Ortega's Counsel or upon any failure of Ortega or Ortega's Counsel to provide information; and (c) all Medicaid liens. This indemnification obligation includes all damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of Cano Health in connection with such claims, demands, subrogated interests, or causes of action.

22. **Tax Indemnity:** Cano Health makes no representations regarding the taxability of any payments made under this Agreement. Ortega acknowledges and understands that Cano Health have no responsibility for any tax payments, and Ortega accepts sole responsibility for his share of all tax payments due as a result of this Agreement. Ortega agrees to indemnify Cano Health for his share of any tax payments that the Internal Revenue Service or any other local, state or federal taxing agency determines to be due and owing as a result of any payment made pursuant to the terms of this Agreement.

23. **Opportunity to Consider:** Ortega is hereby advised and encouraged to consult with an attorney before signing this Agreement. Ortega has twenty-one (21) days from the date he receives this Agreement in which to consider and accept this Agreement by signing and returning this Agreement to Megan Janes, Esquire, Fisher & Phillips, LLP, 201 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida 33301. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this Agreement, Ortega agrees that this Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against one party in favor of the other.

24. **Revocation Period:** All parties acknowledge that this Agreement will not become effective or enforceable until seven (7) days from the date that Ortega signs this Agreement. During that seven (7) day period, Ortega may revoke this Agreement. If Ortega does not advise

---

**SETTLEMENT AGREEMENT AND RELEASE**

**PAGE 6**

_MoC_
Moc
**Ortega's Initials**

FP 55372321.1
FP 55372321.3

Megan Janes, Esquire, Fisher & Phillips, LLP, 201 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida 33301, in writing within such seven (7) day period of an intent to revoke this Agreement, this Agreement will become effective and enforceable upon expiration of the seven (7) days.

DATE: July ___, 2025     Signature: _____
                                                Misael ortega casanova (Jul 15, 2025 10:43 EDT)
                                                **Misael Ortega Casanova**

DATE: July 14, 2025     Signature: _____, on behalf
                                                John Lines
of Cano Health, LLC