UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MISAEL ORTEGA CASANOVA,

    Plaintiff,

v.                                       Case No. 8:25-cv-952-LSG

CANO HEALTH, LLC,

    Defendant.
_____/

## ORDER

The plaintiff Misael Ortega Casanova sues the defendant Cano Health, LLC, under the Fair Labor Standards Act, 29 U.S.C. § 203, et seq., (the "FLSA") to recover unpaid compensation for overtime work. Doc. 1. In response to Ortega's claims, the parties negotiated and executed a settlement agreement, which they submit for approval. Doc. 25-1.

When an employee sues his employer under Section 216(b) of the FLSA, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). To determine the fairness of a proposed settlement, the Court considers,

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed;

> (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2009) (quoting *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007). A proposed settlement warrants approval only if it is "a fair and reasonable resolution of a bona fide dispute" of the plaintiff's FLSA claim. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez v. Cabinet Coating Kings, LLC, et al.*, No: 6:23-cv-2447-GAP-LHP, 2024 WL 4906024, at *2 (M.D. Fla Nov. 12, 2024).

"When a settlement agreement includes an amount for attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Gomez*, 2024 WL 4906024, at *2 (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam)). However, if the attorney's fees were "agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonnetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

All parties are represented by counsel, and the proposed settlement results from an arms' length negotiation over the plaintiff's compensation and hours worked. Doc. 25-1; Doc. 25 at 2, 9. The probability of success on the merits is

uncertain, and each party bears significant litigation risk. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d at 1241; Doc. 25 at ¶ 6. The parties agree to a total payment of $11,500.00, which includes $1,400.00 in unpaid wages; $1,400.00 for liquidated damages; $2,000.00 as consideration for a general release; $5,000.00 in attorney's fees and costs related to Ortega's FLSA claims; and $1,700.00 in attorney's fees and costs related to the allegations supporting the general release. Doc. 25-1, p. 2. This is a reasonable compromise based on the range of possible recovery if the plaintiff prevailed at trial. The complaint alleges that the defendant agreed to pay Ortega $14.00 an hour, and Ortega "regularly and routinely worked over 40 hours in one or more work weeks for Defendant during the time relevant to this lawsuit." Doc. 1 at ¶¶ 18-19. Ortega claims that after November 16, 2023, the defendant altered his time records to reduce his documented weekly time worked to less than forty hours and refused to pay Ortega overtime. Doc. 1 at ¶¶ 20-21. The defendant asserts that the time records are accurate and disputes Ortega's entitlement to overtime pay. Doc. 8 at ¶¶ 18-21; Doc. 25 at ¶¶ 3-4. Considering the nature of the claims, the amounts claimed by Ortega, the cost to each party for continuing litigation, and the potential result of litigation, the parties agree that the proposed settlement amount is fair and reasonable. Doc. 25 at ¶ 5. Based on the parties' joint motion, a total settlement of $11,500.00 appears fair given the range of possible outcomes.

The proposed settlement includes a broad general release discharging the defendant from "any and all" claims Ortega may have against the defendant. Doc. 25-1, p 3. A proposed settlement that includes a general release is acceptable if

3

"consideration beyond what is due for the FLSA claims" supports the release. *Parks v. Am. Catastrophe Sol., LLC*, No: 5:23-cv-361-JA-PRL, 2024 WL 4603928, at * 2 (M.D. Fla. Sept. 5, 2024). Here, additional consideration separate from Ortega's unpaid wages supports the general release.[1] Doc. 25-1, p. 2. Therefore, the general release presents no impediment to approval of the proposed settlement. *See Parks*, 2024 WL 4603928, at * 2.

After review of the proposed settlement, I find that the parties' negotiated terms are "a fair and reasonable resolution of a bona fide dispute" under the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez*, 2024 WL 4906024, at *2. Thus, the settlement warrants approval. *See Bonnetti*, 715 F. Supp. 2d at 1228. Accordingly, the parties' "joint motion for approval of settlement agreement and dismissal of action with prejudice," Doc. 25, is **GRANTED** and the settlement agreement, Doc. 25-1, is **APPROVED**. The plaintiff Misael Ortega Casanova's claims against the defendant Cano Health, LLC are **DISMISSED WITH PREJUDICE.** The Clerk shall terminate all pending motions and close the case.

**ORDERED** in Tampa, Florida on the 17th day of July, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

---

[1] The additional consideration consists of $2,000.00 as consideration for the general release, and $1,700.00 in attorney's fees and costs related to the allegations supporting the general release. Doc. 25-1, p. 2.